382 S.E.2d 40

**Harry DURUTTYA**

v.

**BOARD OF EDUCATION OF the COUNTY OF MINGO, Robert Simpkins, et al.**

**No. 18710.**

Supreme Court of Appeals of West Virginia.

June 8, 1989.

Jane Moran, Williamson, for Harry Duruttya.

W. Graham Smith, Smith and Rumora, Williamson, for BOE of Mingo Co., etc.

BROTHERTON, Chief Justice:

The appellant, Harry Duruttya, petitions this Court seeking a reversal of the September 8, 1988, ruling of the Circuit Court of Mingo County, which overturned a July 1, 1988, Hearing Examiner's decision to

---

grant Duruttya a hearing regarding the termination of his employment by the appellees, the Mingo County Board of Education.

Harry Duruttya was a tenured teacher at Gilbert Junior High School. On March 17, 1988, Duruttya received a notice from the respondent Superintendent of Schools, Harry Cline, who stated his intention to "request the Board of Education of Mingo County to dismiss you from its employment upon the grounds of incompetency, cruelty, insubordination, and willful neglect of duty." The letter stated that if the Board dismissed him, Duruttya would be informed within two days and that he could then request, in writing, a level four hearing and appeal pursuant to W.Va.Code § 18–29–1 et seq.

On April 1, 1988, Duruttya received a letter dated March 29, 1988, dismissing him effective at the end of the 1987–88 school year. He was told that under the provisions of W.Va.Code § 18A–2–8 (1988) he had five days to request a level four hearing and appeal pursuant to W.Va.Code § 18–29–1, but no instructions were given regarding the filing process or suggesting a location for filing the request. Duruttya was not represented by counsel between the time he received this letter and the time he filed the request for a hearing, nor did the school provide him with any books containing school law pertaining to the appeal process.

On April 5, 1988, Duruttya appeared at the respondent's offices and presented his written request for a level four hearing to the Assistant Superintendent, Mr. Bostic, who accepted it, stamped it, and said it would be delivered to the respondent Cline.

Duruttya received no communications regarding his request for a hearing for fifty-three days. On May 28, 1988, Duruttya's attorney, Jane Moran, filed a petition for a writ of mandamus in Mingo County Circuit Court, praying that the respondents be ordered to process Duruttya's request for a hearing. In their answer to this mandamus petition, the respondents alleged that the petitioner erred in filing his request for a hearing with the Mingo County Board of Education. They also argued that because Duruttya's request remained in their office for fifty-three days, Duruttya was precluded from filing a request with the Education Employees Grievance Board.

On June 6, 1988, the circuit court denied Duruttya's petition for a writ of mandamus. The court held that processing the request was within the respondent's area of discretionary duties and not subject to mandamus. Duruttya did not appeal this ruling. However, Duruttya's attorney also filed a request for a level four hearing with the Education Employees Grievance Board on June 6, 1988. The grievance board set the matter for hearing on July 1, 1988. On June 13, 1988, the respondents filed a motion to dismiss the grievance because it was not timely filed. On July 1, 1988, an evidentiary hearing was held. The motion to dismiss was denied and Duruttya's grievance was set for a hearing on August 2, 1988.

The respondents filed an appeal to the hearing examiner's decision on July 25, 1988. Under W.Va.Code § 18–29–7 they alleged that the grievance board's decision to grant Duruttya a level four hearing was "(1) contrary to law, regulation and written policy; and (2) is clearly wrong in view of the reliable probative and substantial evidence on the whole record." They also requested a stay pending hearing of their appeal on September 6, 1988, which was granted.

On September 8, 1988, the circuit court entered an order granting the respondent's request for appeal and overturning the hearing examiner's decision. In his order, Judge Elliott E. Maynard stated that statutory due process requires that both parties follow the rules.

The Court is of the opinion that procedural due process was not followed by Grievant Duruttya.... First, he filed his grievance in the wrong forum, and after this Court had so held, in processing his writ of mandamus, he tried to cure the same by filing his grievance with the proper forum, but 51 days late. It is further noted that Assistant Superintendent Bostic did not know Duruttya

was filing his appeal at the wrong place. The Court also notes that Grievant Duruttya has been through the grievance procedure three times and the attorney representing him in the past is the attorney representing him today and she would, accordingly, be only a telephone call away. The grievant merely had to call her and she could have told him the correct forum, and assured him that the time frame given in Superintendent Cline's order was correct.

Judge Maynard found that, when reading W.Va.Code § 18A–2–8 in *pari materia* with W.Va.Code § 18–29–1 *et seq.*, "there could be only one conclusion, and that is that Duruttya was required to file the level four grievance with the Grievance Board and not with the Board of Education of the County of Mingo."

The appellant Duruttya now argues that he was denied the due process rights guaranteed to him under the Fourteenth Amendment and Art. III, § 10 of the West Virginia Constitution, and defined in W.Va. Code §§ 18A–2–8 and 18–29–1, in that he was denied a hearing on the charges which allegedly led to the termination of his tenured employment by the appellees, in spite of his own substantial compliance with the procedure for requesting a hearing that is set forth in W.Va.Code §§ 18A–2–8 and 18–29–1, *et seq.*

■ "The threshold question in any inquiry into a claim that an individual has been denied procedural due process is whether the interest asserted by the individual rises to the level of a 'property' or 'liberty' interest protected by Article III, Section 10 of our constitution." *Clarke v. West Virginia Board of Regents*, 166 W.Va. 702, 279 S.E.2d 169, 175 (1981) (citing *Waite v. Civil Service Commission*, 161 W.Va. 154, 241 S.E.2d 164 (1977)). In *State ex rel. McLendon v. Morton*, 162 W.Va. 431, 249 S.E.2d 919 (1978), we recognized that "[t]enure once acquired is a substantial right.... We cannot blind ourselves to the fact that tenure is a paramount professional and economic goal for a teacher. Thus, it is a valuable property interest." *Id.* 162 W.Va. at 444, 249 S.E.2d at 926.

By enacting the grievance procedures set forth in W.Va.Code §§ 18–29–1 *et seq.* and 18A–2–8, the Legislature clearly intended to ensure that school system employees receive due process in the form of notice and hearing prior to their dismissal. Duruttya's position as a tenured teacher clearly entitles him to the benefit of these procedural safeguards.

West Virginia Code § 18–29–1 (1988) sets out a multi-level grievance procedure to be followed by employees of the board of regents, state board of education, county boards of education, regional educational service agencies, and multi-county vocational centers which is "intended to provide a simple, expeditious and fair process for resolving problems at the lowest possible administrative level...." If a board either suspends or dismisses a person within its employ, W.Va.Code § 18A–2–8 (1988) states that "[t]he employee so affected shall be given an opportunity, within five days of receiving such written notice, to request, in writing, a level four hearing and appeals pursuant to provisions of article twenty-nine [§ 18–29–1 *et seq.*], chapter eighteen of the code of West Virginia...."

Level four hearing procedures are outlined in W.Va.Code § 18–29–4(d)(1), which states:

> If the grievant is not satisfied with the action taken by the governing board, within five days of the written decision the grievant may request, in writing, on a form furnished by the employer, that the grievance be submitted to a hearing examiner as provided for in section five [§ 18–29–5] of this article, such hearing to be conducted in accordance with section six of this article within ten days following the request therefor: Provided, That such hearing may be held within thirty days following the request, or within such time as is mutually agreed upon by the parties, if the hearing examiner gives reasonable cause, in writing, as to the necessity for such delay.

The Education Employees Grievance Board is created in W.Va.Code § 18–29–5(a) and the fourth paragraph of that section provides that "[t]he board is hereby authorized

and required to administer the grievance procedure at level four as provided for in section four [§ 18–29–4] of this article...."

We agree with Duruttya's contention that the level four hearing request procedure contained in W.Va.Code § 18–29–4 is unclear in that it does not specify where such a request is to be filed. Duruttya was informed that he had been dismissed from his employment in a letter he received from Superintendent Cline on April 1, 1988. The letter stated that Duruttya had five days to request, in writing, a level four hearing pursuant to W.Va.Code § 18–29–1 *et seq.* When Duruttya presented his written hearing request to Assistant Superintendent Bostic on April 5, 1988, he assumed that he had made his request in the proper manner. However, he subsequently retained an attorney to represent him in the process and the attorney questioned the delay in setting a hearing date. It was not until he filed a petition for a writ of mandamus on May 28, 1988, that Duruttya discovered that it was the respondent's contention that he had erred when he filed his hearing request with the Mingo County Board of Education.

It was at this point that the respondent Board of Education made a motion to dismiss Duruttya's grievance as untimely filed. A hearing was held on July 1, 1988, and in an order dated July 14, 1988, Education Employees Grievance Board hearing examiner Jerry A. Wright found that Duruttya had filed his request for a hearing within the time frame required in W.Va. Code § 18A–2–8 and, although he had filed with the Mingo County Board of Education, the filing was "otherwise just and proper." The hearing examiner concluded that Duruttya "substantially complied with the filing provisions contained in W.Va.Code, 18A–2–8 and W.Va.Code, 18–29–1, *et seq.* and is entitled to a hearing on the merits of his dismissal."

The notice Duruttya received from Superintendent Cline on April 1, 1988, advising him of his right to request a level four hearing, should have included instruc-

tions on where this request was to be filed.[1] In the absence of any evidence that Duruttya acted in bad faith when he filed his grievance with the Mingo County Board of Education, we believe that his substantial compliance with the filing provisions contained in W.Va.Code §§ 18A–2–8 and 18–29–1, *et seq.* should be deemed sufficient in this case. We agree with the hearing examiner's finding that Duruttya was entitled to the level four hearing and reverse the September 8, 1988, circuit court ruling which denied him a hearing.

Reversed.

---

1. The petitioner informs us that new level four hearing request forms, which were designed after the petitioner's filing, provide the necessary instructions and should relieve this problem.